UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MRP, INC. D/B/A MEDICAL RADIATION PHYSICS            PLAINTIFF

v.                          CIVIL ACTION NO. 3:10-CV-707

CATHERINE E. MOREMAN AND MARIA A. RAGAINS        DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's motion for expedited discovery (DN 4). For the reasons set forth herein, the motion will be **DENIED**.

### BACKGROUND

Plaintiff MRP is a contractor that provides radiation oncology support services and staff to medical facilities. Until November 2010, defendants Catherine Moreman ("Moreman") and Maria Ragains ("Ragains") were employed with MRP as radiation dosimetrists.[1] At some point during their employment, both defendants had signed documents styled "Employee Confidentiality and Limited Noncompetition Agreement" – Moreman on August 13, 2007 (DN 1, Ex. A at 1) and Ragains on September 18, 2006 (DN 1, Ex. B at 1). The Agreement bars employees of MRP from working for a "Competing Business" within one year of ending their employment at MRP. The Agreement defines "Competing Business" as

> any person or organization other than [MRP] which is engaged or is about to become engaged in the solicitation or fulfillment of orders for services of the type provided by [MRP] at any time while this Agreement remains in effect to be

---

[1]A dosimetrist measures and calculates the amount of radiation to be given to cancer patients who are receiving radiation therapy.

provided to any firm, company, or individual, or any affiliate or subsidiary thereof which (x) is, or has been, a client of [MRP] at any time during the three years prior to the date hereof, (y) becomes a client of [MRP] during the term of this Agreement or (z) has, during the period of Employee's employment with [MRP], had personal, telephonic, or written communication with [MRP], initiated by either, with respect to the potential of doing business with [MRP] in the future.

DN 1, Ex. A at 6–7; DN 1, Ex. B at 6–7.

Prior to November 1, 2010, MRP had a contract with Norton Healthcare ("Norton") to provide medical physics and dosimetry services. However, Norton elected not to renew the contract with MRP, and after November 1 began receiving services from another provider, identified by MRP as Associates in Medical Physics ("AMP"). Around this time, both defendants stopped working for MRP and began working for the provider who had received the Norton contract. Although there is some debate as to the manner in which the defendants' employment with MRP ended, both defendants admit that they now work for AMP. *See* DN 10-1 (Aff. of Catherine E. Moreman) at ¶ 13; DN 10-2 (Aff. of Maria A. Ragains) at ¶ 13.

On November 18, 2010, MRP filed a complaint alleging that the defendants had breached the non-competition agreement by working for AMP and breached their duty of loyalty by starting work with AMP before their term of employment with MRP ended. MRP seeks damages and injunctive relief, asking that this court restrain the defendants from violating the non-competition agreement for a period of one year from November 5, 2010. On November 19, 2010, MRP filed a motion for expedited discovery, asking this court to order that the defendants answer its requests for production of documents within 20 days of the motion.[2] MRP claims that

---

[2]MRP initially asked that this court order the defendants to respond to MRP's requests for production on or by December 11, 2010 and that the defendants be available for deposition on or by December 21, 2010. Briefing on this motion, however, was not complete until December 29, 2010. Because MRP's original deadlines have passed, MRP now asks that this court order that the
continue...

such discovery is necessary in order for it to prepare its motion for a preliminary injunction. The defendants oppose the motion, arguing that MRP's requests are overly broad.

**ANALYSIS**

Under the Federal Rules of Civil Procedure, a party may generally not engage in formal discovery before the parties hold a planning conference pursuant to Rule 26(f), FED. R. CIV. P. 26(d)(1), but this court has the discretion to order expedited discovery. *Id.* The party seeking expedited discovery must make a showing of good cause for "this departure from the usual discovery process." *5ifth Element Creative, LLC v. Kirsch*, No. 5:10-CV-255-KKC, 2010 WL 41029087 at *2 (E.D. Ky. 2010). *See also Russell v. Lumpkin*, No. 2:10-CV-00314, 2010 WL 1882139 at *2 (S.D. Ohio 2010); *Giltmore v. Tennessee Valley Auth.*, No. 3:09-CV-14, 2009 WL 230594 at *2 (E.D. Tenn. 2009). Good cause may be found in cases "where a party seeks a preliminary injunction," *5ifth Element,* 2010 WL 4102907 at *2, but such a finding is not automatic. Rather, expedited discovery requests must be "appropriately narrow and targeted" to be relevant to the determination of the preliminary injunction. *Johnson v. U.S. Bank Nat. Ass'n,* No. 1:09-CV-492, 2009 WL 4682668 at *1 (S.D. Ohio 2009).

The information MRP seeks through expedited discovery in this case is exceedingly broad. Its 13 requests for production read as follows:

---

[2]...continue
defendants "comply with an expedited discovery order on a swift, yet reasonable, timeline." MRP asserts that the parties' Rule 26(f) conference is set for January 10, 2011, and that the defendants' depositions have been noticed for January 11 and 12, 2011. MRP asks that we order the defendants to comply with the requests for production prior to their depositions.

1. All non-privileged documents[3] that refer or relate to MRP's claims or Moreman's[4] defenses to MRP's claims.

2. All non-privileged documents that refer or relate to Moreman's current employer and any and all job responsibilities Moreman performs for said employer.

3. All non-privileged documents that refer or relate to any customer, former customer, or prospective customer of MRP that Moreman has had contact or communication with since September 1, 2010.

4. All non-privileged documents that refer or relate to money, benefits, or other compensation that Moreman has received from Norton or AMP.

5. All non-privileged documents that refer or relate to agreements that Moreman has with AMP or Norton.

6. All non-privileged documents that refer or relate to discussions, interviews, or other communications about Moreman leaving MRP or going to work for either AMP or Norton.

7. All non-privileged documents that refer or relate to communications between Moreman and MRP since September 1, 2010.

---

[3]The word "'documents' refer[s] to any and all items that are in your actual or constructive possession, custody, or control, or to which you have access, and means the original and each nonidentical copy, whether different from the original because of marginal notes or other material inserted therein or attached thereto or otherwise, and drafts and both sides thereof, of any written, printed, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to: e-mails, resumes, employment applications, papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, communications, notes, accounting records, tax records, tax returns, notations, work papers, transcripts, employment records, payroll records, earnings records, W-2's, 1099s, employee benefit records, summary plans and descriptions of employee benefits, employee handbooks, employment contracts, reports, and recordings and notes of telephone or other interviews or of conferences or other meetings, affidavits, statements, manuscripts, statutes, regulations, ordinances, media articles, legal papers, summaries, opinions, reports, desk calendars, appointment books, telephone logs, diaries, lists, tabulations, sound recordings, video recording, computer printouts, data processing input and output, computer tapes, disks or diskettes, computer programs including source code, world wide web pages, screen shots of world wide web pages, screen shots of computer programs, microfilms, photographs, motion pictures, tape recordings, charts, accounts, financial statements or reports, and all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated." DN 4-2 at 2–3. The relevant time period for MRP's requests is from January 1, 2009 to the present, unless otherwise indicated. DN 4-2 at 1.

[4]MRP issued an identical set of requests for production for Maria Ragains.

8. All non-privileged documents that refer or relate to communications between Moreman and AMP since September 1, 2010.

9. All non-privilegde documents that refer or relate to communications between Moreman and Norton since September 1, 2010.

10. All non-privileged documents that refer or relate to documents or other property of MRP that are under Moreman's possession, custody, or control.

11. All non-privileged documents that refer or relate to documents or other property of MRP that are under the possession, custody, or control of either AMP or Norton.

12. All non-privileged documents that refer or relate to Moreman's efforts to find employment after leaving MRP or in anticipation of her leaving MRP.

13. All non-privileged documents that refer or relate to communications between Moreman and Defendant Maria A. Ragains.

DN 4-2 at 4–8.

MRP characterizes these discovery requests as "narrow" and an attempt "to . . . obtain facts relevant to a preliminary injunction motion." However, MRP fails to explain how any of these requests for production are relevant to its motion for injunctive relief based on the defendants' alleged breach of the non-competition agreements. Moreover, MRP has not shown that its allegedly urgent need for a wide array of documents "outweighs the prejudice on the responding party." *Lumpkin*, 2010 WL 1882139 at *2; *see also 5ifth Element*, 2010 WL 4102907 at *2. MRP claims that it "has a clear interest in enforcing the Agreements," and "loses the benefit of the Agreements" with each day that the defendants continue to work for AMP, but these arguments do nothing to demonstrate good cause for departing from the usual discovery process. MRP's motion will be denied.

A separate order will issue in accordance with this opinion.